**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 3, 2012

Lyle W. Cayce
Clerk

No. 11-20880
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO ANTONIO PORTILLO NAVARRETE, also known as Pablo Antonio
Portillo, also known as Pablo Antonio Portillo-Navarrete, also known as Pablo
A. Portillo-Navarrete,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-365-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pablo Antonio Portillo Navarrete appeals the 70-month within-guidelines
sentence he received following his guilty plea to illegal reentry into the United
States after deportation. Navarrete argues that his sentence violates the Fifth
and Eighth Amendments of the Constitution and is greater than necessary to
meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20880

(1) his sentence is grossly disproportionate to the seriousness of his crime of conviction, in violation of the prohibition against cruel and unusual punishment; (2) enhancing his sentence based on a previous drug trafficking offense resulted in an unwarranted sentencing disparity in violation of the Equal Protection Clause; and (3) the district court did not consider his particular circumstances, such as his benign motive for illegally reentering the country.

Ordinarily, we review constitutional claims de novo. *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). However, because Navarrete did not raise any constitutional objections to his sentence in the district court, we review for plain error only. *See United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000). Likewise, because Navarrete failed to object to the substantive reasonableness of his sentence, review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Navarrete's assertion that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment is without merit. The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). When evaluating an Eighth Amendment proportionality challenge, we make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). In non-capital cases, successful challenges to the proportionality of particular sentences are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

In the instant case, Navarrete's 70-month prison sentence is not grossly disproportionate to the severity of his illegal reentry crime when measured against the benchmark in *Rummel*, 445 U.S. at 284-85. Additionally, Navarrete's sentence is within the properly calculated guidelines range, which is a "convincing objective indicator of proportionality." *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (internal quotation marks

and citation omitted) (rejecting an Eighth Amendment challenge to a 100-month within-guidelines sentence imposed for attempted illegal reentry). Accordingly, Navarrete cannot demonstrate plain error. *See Ferguson*, 211 F.3d at 886.

Equally without merit is Navarrete's claim that his sentence violates the Fifth Amendment's Equal Protection Clause. We have previously concluded that the "guidelines were devised to and do treat all" similarly-situated defendants equally. *Cardenas-Alvarez*, 987 F.2d at 1134. Given that Navarrete's guidelines range was calculated in the same manner as that of any other illegal reentry defendant who had previously been convicted of a drug trafficking crime, he cannot demonstrate plain error. *See Ferguson*, 211 F.3d at 886.

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record reflects that the district court considered the relevant § 3553(a) factors as well as Navarrete's arguments for mitigating his sentence but implicitly overruled those arguments and concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Navarrete's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

His sentence, which is at the bottom of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

No. 11-20880

Navarrete has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 70-month prison term. *See Whitelaw*, 580 F.3d at 259-60.

The judgment of the district court is AFFIRMED.